**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF RHODE ISLAND**

PLANET ECLIPSE, LLC
and PLANET ECLIPSE LIMITED,

C.A. NO.: 2004-194 (T)

v.

**Oral Argument is Not Requested**

X-TREME ENTERPRISES, INC.

**MOTION OF DEFENDANT, X-TREME ENTERPRISES, INC., TO SET ASIDE THE ENTRY OF ITS DEFAULT**

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and based upon the docket of this case, the affidavit of Timothy S. Nguyen, Esq., the affidavit of Michael K. Glucksman, Esq., and the legal memoranda filed herewith, the defendant, X-TREME ENTERPRISES, INC., requests an order that the entry of default against it be set aside and that it be allowed to file an answer within such time as the Court sees fit.

Dated: 10\8\04

X-TREME ENTERPRISES, INC.
By its attorney,
Michael K. Glucksman, Esq.

Michael K. Glucksman, Esq. (#5007)
109 Airport Road
Warwick, RI 02889
(401) 738-4477
(401) 739-1012 fax

**Certification of Service**

I certify that on October 8, 2004 I caused a copy of this paper to be served by first-class mail on the following:

DUFFY SWEENEY & SCOTT, LTD.
Craig M. Scott, Esq.
Ralph N. Gaboury, Esq.
One Turks Head Place, Suite 1200
Providence, RI 02903

8

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND**

PLANET ECLIPSE, LLC
and PLANET ECLIPSE LIMITED,

C.A. NO.: 2004-194 (T)

v.

X-TREME ENTERPRISES, INC.

**AFFIDAVIT OF TIMOTHY S. NGUYEN, ESQ.
IN SUPPORT OF MOTION OF DEFENDANT, X-TREME ENTERPRISES, INC.,
TO SET ASIDE THE ENTRY OF ITS DEFAULT**

I, Timothy S. Nguyen, Esq., do depose and state under oath that:

1. I am in-house counsel to X-Treme Enterprises, Inc. in California and in that capacity I communicated with Planet Eclipse, LLC and Planet Eclipse Limited (collectively "Planet Eclipse") in connection with this matter.

2. Since being contacted by Planet Eclipse, the parties had been in constant good faith negotiations until September 18, 2004.

3. I was working on the final draft of a settlement agreement and permanent injunction until September 18, 2004.

4. In reliance on the good progress of the settlement negotiations, and on informal extensions of time to answer granted by Planet Eclipse's counsel, X-Treme did not file its answer in a timely fashion.

5. The settlement effort finally broke off on September 18, 2004.

6. Planet Eclipse applied for X-Treme's default shortly thereafter on September 21, 2004.

7. I made every good faith effort to settle this case short of litigation and short of X-Treme having to file its answer.

Dated: 10/5/04

Timothy S. Nguyen

Subscribed and sworn to before me in Fountain Valley, California on 10/5/04.

Notary Public
Commission Expiration:

VAN HONG NGUYEN
Comm. # 1390299
NOTARY PUBLIC - CALIFORNIA
Orange County
My Comm. Expires Dec. 15, 2006

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF RHODE ISLAND**

PLANET ECLIPSE, LLC
and PLANET ECLIPSE LIMITED,

C.A. NO.: 2004-194 (T)

v.

**Oral Argument is Not Requested**

X-TREME ENTERPRISES, INC.

**MEMORANDA IN SUPPORT OF MOTION OF DEFENDANT, X-TREME ENTERPRISES, INC., TO SET ASIDE THE ENTRY OF ITS DEFAULT**

**Introduction**

The plaintiffs, Planet Eclipse, LLC and Planet Eclipse Limited (jointly "Planet Eclipse"), filed this trade dress infringement, false advertising, unfair competition, and copyright infringement action against defendant, X-Treme Enterprises, Inc. ("X-Treme"), on May 21, 2004. A review of the complaint filed in this action reveals that Planet Eclipse seeks a myriad of relief, including preliminary and permanent injunctions, monetary damages, an accounting of profits, treble damages, reasonable attorneys' fees, the recalling of X-Treme's allegedly infringing matter, the impounding of X-Treme's allegedly infringing matter, consequential damages, plus whatever other relief the Court deems just and proper. Settlement discussions were ongoing since at least the time of the filing of suit, but were unsuccessful. (¶¶ 2-5, Aff. of Timothy S. Nguyen, Esq.) On September 1, 2004, Planet Eclipse filed its Affidavit of Compliance/Return of Service. Thereafter, on September 29, 2004 X-Treme was defaulted. (It is important to note, however, that X-Treme has only been defaulted and that no default judgment has yet been applied for or entered.) Two days earlier, however, on September 27, 2004, X-Treme had appeared in the action by the below-signed counsel and now seeks an order setting aside the entry of its default.

**Argument**

"An entry of . . . default . . . may be set aside '[f]or good cause,' Fed.R.Civ.P. 55(c), a term that is liberally construed. Among the factors that a court may consider are whether the default was willful and whether removal of the default would prejudice the plaintiff. [However,] [t]here is no precise formula for the 'good cause' analysis." *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir. 2004) (internal citations omitted). Although "'each case must necessarily turn on its own unique circumstances,'" there are "no fewer than seven factors a district court may consider:

> '(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion [to set aside entry of default].'" *KPS & Associates, Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003) (internal citations omitted).

While the concept of default "encourages the expeditious resolution of litigation and promotes finality, . . . countervailing considerations include the goals of 'resol[ving] cases on the merits,' . . . and avoiding 'harsh or unfair result[s].'" *Id.* at 13. Indeed, "[e]arly in the case, as when a default has been entered but no judgment proven, a liberal approach is least likely to cause unfair prejudice to the nonmovant or to discommode the court's calendar. In these circumstances, a district court should resolve doubts in favor of a party seeking relief from the entry of a default." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989) (internal citations omitted); *see also Pontarelli v. Stone*, 713 F. Supp. 525, 528 (D. R.I. 1989) (Torres, J.) ("good cause is viewed as a broader and more liberal standard . . . [and] legitimate doubts should be resolved in favor of allowing the defaulting party to have his or her day in court").

Here, the default was in no sense willful but was rather the result of hopes that the

case could be settled thus obviating the need for X-Treme to file its answer. (Aff. of Timothy S. Nguyen, Esq.) Indeed, some indication of the parties' reliance on the progress of the settlement discussions might be gleaned from the fact that Planet Eclipse did not file its Affidavit of Compliance/Return of Service until September 1, 2004. In any event, it is hard to imagine how Planet Eclipse could claim that "witnesses have died, that memories have dimmed beyond refreshment, that some discovery scheme has been thwarted, or that evidence has been lost," *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989), in the mere four months that have now passed since X-Treme's answer was due on or about June 14, 2004. Accordingly, there would be no prejudice to Planet Eclipse, and no "discommode" to the calendar, if this Honorable Court allowed X-Treme to have its day in court.

Furthermore, X-Treme has a meritorious defense in that questions of infringement and unfair competition are inherently factually intricate and intense. Also, the settlement negotiations that took place were undertaken in good faith and a review of the complaint reveals that Planet Eclipse seeks a large amount of money plus much other relief. Finally, X-Treme filed its motion to vacate the entry of default as soon as reasonably possible after the default entered (a mere two weeks later), thus demonstrating its robust interest in defending this case on the merits.

In any event, this case is so much in its infancy and so fairly contested by X-Treme that it ought to be decided on the merits rather than by the application of a harsh procedural rule. And even assuming that there are any legitimate doubts regarding X-Treme's position, First Circuit case law clearly indicates that such should be resolved in favor of allowing it to have its day in court.

## Conclusion

For the foregoing reasons, X-Treme's motion to set aside the entry of its default should be granted.

Dated: October 8, 2004

X-TREME ENTERPRISES, INC.
By its attorney,
Michael K. Glucksman, Esq.

Michael K. Glucksman, Esq. (#5007)
109 Airport Road
Warwick, RI 02889
(401) 738-4477
(401) 739-1012 fax

On the Brief
D. Peter DeSimone, Esq. (#5224)

## Certification of Service

I certify that on October 8, 2004, 2004 I caused a copy of this paper to be served by first-class mail on the following:

DUFFY, SWEENEY & SCOTT, LTD.
Craig M. Scott, Esq.
Ralph N. Gaboury, Esq.
One Turks Head Place, Suite 1200
Providence, RI 02903