**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND**

PLANET ECLIPSE, LLC
and PLANET ECLIPSE LIMITED

v.

X-TREME ENTERPRISES, INC.

C.A. NO.: 2004-194 (T)

**Rule 72(a) Objection to Order**

**Oral Argument is Not Requested**

**Rule 72(a) Objection to Order/Notice of Appeal**

The defendant, X-Treme Enterprises, Inc., appeals to the District Court, Torres, J., from the Memorandum and Order of Magistrate Lincoln D. Almond, entered December 15, 2004. The basis for the objection is that the order denying defendant's Motion to Set Aside the Entry of its Default is clearly erroneous, as detailed in the accompanying memorandum.

A transcript of the hearing held on November 29, 2004 has been ordered.

Respectfully submitted,

Michael K. Glucksman, Esq. (#5007)
Attorney for Defendant
109 Airport Road
Warwick, RI 02889
(401) 738-4477
(401) 739-1012 facsimile

Defendant's objection is overruled. Defendant's motion to set aside the entry of its default is denied.

Ernest C. Torres, Chief Judge
Date: 3/1, 2005

**Certification of Service**

I certify that on December 20, 2004, I caused a copy of this paper to be served by first-class mail on the following:

DUFFY SWEENEY & SCOTT, LTD.
Craig M. Scott, Esq.
Ralph N. Gaboury, Esq.
One Turks Head Place, Suite 1200
Providence, RI 02903

22

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

PLANET ECLIPSE, LLC
and PLANET ECLIPSE LIMITED

C.A. No.: 2004-194 (T)

v.

X-TREME ENTERPRISES, INC.

**Defendant's Memorandum in Support of Rule 72(a) Objection**

**Question Raised**

Was Magistrate Lincoln D. Almond's denial of defendant's Motion to Set Aside the Entry of its Default clearly erroneous where it is undisputed that the parties had "informally extended" its time to file its answer and where it was defaulted a mere two weeks after that stipulated-to extension date had passed and, indeed, a mere four months after suit was even filed?

**Statement of the Case**

The plaintiffs, Planet Eclipse, LLC and Planet Eclipse Limited (jointly "Planet Eclipse"), filed this trade dress infringement, false advertising, unfair competition, and copyright infringement action against defendant, X-Treme Enterprises, Inc. ("X-Treme"), a California corporation, on May 21, 2004. A review of the complaint reveals that Planet Eclipse seeks a myriad of relief, including preliminary and permanent injunctions, monetary damages, an accounting of profits, treble damages, reasonable attorneys' fees, the recalling of X-Treme's allegedly infringing matter, the impounding of X-Treme's allegedly infringing matter, consequential damages, plus whatever other relief the Court deems just and proper.

X-Treme's answer was due according to the Federal Rules of Civil Procedure on

June 14, 2004. However, as Magistrate Almond found in his Memorandum and Order, several "informal extensions of [the] time" for X-Treme to file its answer were stipulated to by the parties while they pursued settlement. During this time X-Treme did not have local Rhode Island counsel but Planet Eclipse's counsel has commendably and forthrightly stated that he consented to informal extensions of X-Treme's answer's due date, the last being September 15, 2004. A chronology is helpful:

| | |
|---|---|
| May 21, 2004 | Planet Eclipse files its Complaint |
| June 14, 2004 | X-Treme's Answer due according to F.R.C.P. Rule 12 |
| September 15, 2004 | X-Treme's Answer due according to the parties' last extension |
| September 21, 2004 | Planet Eclipse applies for X-Treme's default |
| September 27, 2004 | X-Treme appears in the action by the below-signed local counsel |
| September 29, 2004 | X-Treme defaulted for not having filed its answer |
| October 12, 2004 | X-Treme seeks an order setting aside the entry of its default |

After a hearing held on November 29, 2004, Magistrate Almond denied X-Treme's motion, and this appeal followed.

**ARGUMENT**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, a District Court judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." *See also* Rule 32(b)(2) of the Local Rules of the United States District Court for the District of Rhode Island. A finding is clearly erroneous if, "after scrutinizing the entire record, we 'form a strong, unyielding belief that a mistake has been made,'" *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999).

**Point Made**

**Magistrate Almond's denial of X-Treme's Motion to Set Aside the Entry of its Default was clearly erroneous and as such ought to be set aside.**

"An entry of . . . default . . . may be set aside '[f]or good cause,' Fed.R.Civ.P. 55(c), a term that is liberally construed. Among the factors that a court may consider are whether the default was willful and whether removal of the default would prejudice the plaintiff. [However,] [t]here is no precise formula for the 'good cause' analysis." *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir. 2004) (internal citations omitted). While the concept of default "encourages the expeditious resolution of litigation and promotes finality, . . . countervailing considerations include the goals of 'resol[ving] cases on the merits,' . . . and avoiding 'harsh or unfair result[s].'" *Id.* at 13. Indeed, "[e]arly in the case, as when a default has been entered but no judgment proven, a liberal approach is least likely to cause unfair prejudice to the nonmovant or to discommode the court's calendar. In these circumstances, a district court should resolve doubts in favor of a party seeking relief from the entry of a default." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989) (internal citations omitted); *see also Pontarelli v. Stone*, 713 F. Supp. 525, 528 (D. R.I. 1989) (Torres, J.) ("good cause is viewed as a broader and more liberal standard . . . [and] legitimate doubts should be resolved in favor of allowing the defaulting party to have his or her day in court").

Implicit in the Memorandum and Order is that Magistrate Almond, having accepted the September 15, 2004 date as the final date on which X-Treme's answer was due, found that to not enforce that agreed-to date would result in injustice. *See* Rule 22(a) of the Local Rules of the United States District Court for the District of Rhode Island

("All stipulations affecting a case before the court . . . shall be in writing and signed[] and shall be filed. Except to prevent injustice, no stipulation which does not satisfy these requirements shall be given effect.") The Magistrate properly recognized that to not give effect to the "informal extensions" of time to answer to September 15, 2004 would result in an injustice to X-Treme. Accordingly, X-Treme's default ought to be measured from September 15, 2004. Admittedly, however, Local Rule 22(a) was not previously raised. In any event, the parties are in agreement, and Magistrate Almond acknowledged, that "informal extensions" to answer had been granted and that September 15, 2004 was the last.

Having accepted the September 15, 2004 deadline, it is difficult to see how X-Treme can be denied from defending against this action on the merits for failing to file its answer a mere two weeks after its due date. And even if X-Treme's default were measured from the original due date of June 14, 2004, it was defaulted a mere four months after the case was filed. But as the First Circuit has stated, "[e]arly in the case, as when a default has been entered but no judgment proven, a liberal approach is least likely to cause unfair prejudice to the nonmovant or to discommode the court's calendar. In these circumstances, a district court should resolve doubts in favor of a party seeking relief from the entry of a default." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989) (internal citations omitted). This case could not be much earlier in its stages and only a default has entered, accordingly, the liberal approach discussed in *Coon v. Grenier* dictates that doubts be resolved in X-Treme's favor and that the default be vacated. Although the Magistrate gave X-Treme the benefit of the doubt and did not conclude that they were engaged in "bad faith" settlement discussions, he apparently did not have any

doubts or did not otherwise resolve doubts in X-Treme's favor. However, the parties were engaged in settlement negotiations during the period of time after suit was filed, X-Treme obtained local counsel as soon as possible after it became apparent that settlement would not be successful, and X-Treme did not merely ignore the suit but rather engaged Planet Eclipse in an attempt to resolve the matter and relied upon Planet Eclipse's gracious extensions of time.

Indeed, in these circumstances, where only a default has entered but no judgment has been proven, the denial of X-Treme's motion gives rise to a strong, unyielding belief that a mistake has been made. Simply, X-Treme should have been allowed to file its answer and the case to proceed on the merits.

And whatever doubts the Magistrate's Memorandum and Order expresses ought to have been resolved in favor of X-Treme. How could X-Treme's failure to file its answer be considered willful when it relied upon good faith extensions of time to file an answer until a mere two weeks before the Clerk of Court defaulted it? And even if there were doubts as to whether it was not willful, only a few weeks or a few months at most had passed by the time X-Treme filed its motion to vacate. Undeniably, it is unfortunate that the settlement discussions broke down. But they did. X-Treme's being denied the opportunity to defend on the merits is harsh, unfair, and a mistake.

Furthermore, that Planet Eclipse seeks injunctive relief in no way results in prejudice to it if the case goes forward on the merits. Only two weeks had passed since the last answer due date and whatever injunctive relief Planet Eclipse can prove its entitlement to at trial, it will receive in due course if the default is vacated. Planet Eclipse should not, however, be assisted in its pursuit of that relief based on the fact that X-

Treme and it attempted to settle the matter before suit was filed. Further, the Magistrate cites that prejudice can result from "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion," but does not find that any such is likely here. Moreover, there is no finding that "witnesses have died, that memories have dimmed beyond refreshment, that some discovery scheme has been thwarted, or that evidence has been lost," *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989). And, insofar as its meritorious defense is concerned, there is no precise formula for the good-cause analysis on motions to vacate. And while X-Treme may not have as clearly articulated its defense as it might have does not change the fact that Planet Eclipse's claims are inherently factually intricate and intense, that they seek a panoply of relief, and that "legitimate doubts should be resolved in favor of allowing the defaulting party to have his or her day in court," *Pontarelli v. Stone*, 713 F. Supp. 525, 528 (D. R.I. 1989) (Torres, J.).

Most importantly, it is the extremely short time frame between the date the answer was due (September 15), the entry of default (September 29), and X-treme's moving to vacate that default (October 12)—less than a month in total—that dictate that X-Treme's motion should have been granted. At worst, the time in total from the original answer due date (June 14, 2004) to entry of default was three and one-half months. For the sake of one month, or perhaps three and one-half months, during which time the parties were attempting to settle, all right to defend is lost? That is a mistake. This is not a case where defendant ignored the case. Unquestionably, X-Treme ought to have been a bit less cavalier in regards to its obligation to file its answer, but such is merely a measure of the hope it had that the case could resolved short of its filing an answer rather than evidence that it was flouting the Federal Rules of Civil Procedure. X-Treme deserves the

opportunity to defend this case on the merits.

**Conclusion**

Clearly, this case is so much in its infancy and fairly contested by X-Treme that it ought to be decided on the merits rather than by the application of a procedural rule. Magistrate Almond's denial of defendant's Motion to Set Aside the Entry of its Default was clearly erroneous and ought to be set aside.

Respectfully submitted,

Michael K. Glucksman, Esq. (#5007)
Attorney for Defendant
109 Airport Road
Warwick, RI 02889
(401) 738-4477
(401) 739-1012 facsimile

**Certification of Service**

I certify that on December 20 2004, I caused a copy of this paper to be served by first-class mail on the following:

DUFFY SWEENEY & SCOTT, LTD.
Craig M. Scott, Esq.
Ralph N. Gaboury, Esq.
One Turks Head Place, Suite 1200
Providence, RI 02903