UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PLANET ECLIPSE, LLC and PLANET ECLIPSE LIMITED, Plaintiffs, | : | |
| v. | : | C.A. No. 04-194T |
| X-TREME ENTERPRISES, INC., Defendant. | : | |

**PLAINTIFFS' MOTION FOR ASSESSMENT OF DAMAGES AND ENTRY OF DEFAULT JUDGMENT**

Plaintiffs, Planet Eclipse, LLC and Planet Eclipse Limited (collectively, "Planet Eclipse"), hereby move for assessment of damages and entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2). In connection with its Motion, Planet Eclipse requests that the Court grant Planet Eclipse 45 days in advance of the Court's assessment of damages to conduct limited discovery from Defendant, X-treme Enterprises, Inc. ("X-treme") focused on the discreet issue of Planet Eclipse's damages. In support of its Motion, Planet Eclipse relies on the Memorandum of Law filed concurrently herewith.

PLANET ECLIPSE, LLC and
PLANET ECLIPSE LIMITED,
By its attorneys,

Craig M. Scott, Esq. (#4237)
Ralph N. Gaboury, Esq. (#6638)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Date: April 19, 2005

13

**CERTIFICATION**

To:

Michael K. Glucksman, Esq.
109 Airport Road
Warwick, RI 02889

I hereby certify that a true copy of the within was sent by First Class mail to the above, on the 19th day of April 2005.

Linda Ardente
______________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED APR 20 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PLANET ECLIPSE, LLC and PLANET ECLIPSE LIMITED, | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 04-194T |
| X-TREME ENTERPRISES, INC., | : | |
| Defendant. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ASSESSMENT OF DAMAGES AND ENTRY OF DEFAULT JUDGMENT**

On September 29, 2004, the Clerk of the Court entered default in favor of Plaintiffs Planet Eclipse, LLC and Planet Eclipse Limited (collectively, "Planet Eclipse") and against Defendant X-treme Enterprises, Inc. ("X-treme") for failing to answer or otherwise respond to the Complaint. On February 28, 2005, the Court upheld Magistrate Judge Almond's Memorandum and Order denying X-treme's motion to vacate the entry of default, and denied X-treme's Rule 72(a) objection. Planet Eclipse now requests: i) a 45-day period during which Planet Eclipse may take discovery from X-treme limited to the discreet issue of Planet Eclipse's damages; ii) a hearing for purposes of assessing Planet Eclipse's damages pursuant to Fed. R. Civ. P. 55(b); and iii) entry of default judgment at the conclusion of the hearing to assess damages.

**ARGUMENT**

After the Clerk enters a default for failure to plead or otherwise defend, Fed. R. Civ. P. 55(b) provides two alternative procedures for entry of default judgment. If the plaintiff's damages are for a sum certain or a sum that can be made certain through

computation, the Clerk is authorized to enter default judgment. *See* Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to default judgment shall apply to the Court therefore and the Court is then authorized to hold hearings or make other investigations as to the amount of the plaintiff's damages. *See* Fed. R. Civ. P. 55(b)(2). Rule 55(b) reads in pertinent part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . .

Fed. R. Civ. P. 55(b) (emphasis added).

Here, Planet Eclipse seeks to conduct discovery solely with respect to the nature and extent of X-treme's sales of the infringing Xonic Electronic Marker product and its profits therefrom. Planet Eclipse requires this information in order to accurately calculate the amount of damages to which it is entitled so that it may present such information to the Court at the hearing to assess damages.

Under Section 43(a) of the Lanham Act, a successful plaintiff may "recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). As the United States District Court for the Southern District of California observed in *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 663 (S.D. Cal. 1997), however, when a Defendant defaults in a Lanham Act case, "it is difficult to imagine how the Plaintiff could establish precise figures of Defendant's actual profits . . . ." While the *Taylor Made* court permitted the Plaintiff to estimate the Defendant's profits and entered default judgment based on the estimate,

Planet Eclipse believes that the limited discovery it proposes is likely to produce an accurate assessment of X-treme's profits and enable the Court to enter a default judgment including the actual amount of Planet Eclipse's damages.

Accordingly, Planet Eclipse should be granted a 45-day period in which to take discovery from X-treme limited to information related to X-treme's sales and profits. After the close of this truncated discovery period, the Court should hold a hearing to assess Planet Eclipse's damages and enter default judgment.

**CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that their Motion for Assessment of Damages and Entry of Default Judgment be granted.

PLANET ECLIPSE LLC and
PLANET ECLIPSE LIMITED,
By its attorneys,

Craig M. Scott, Esq. (#4237)
Ralph N. Gaboury, Esq. (#6638)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Dated: April 19, 2005

# CERTIFICATION

To:

Michael K. Glucksman, Esq.
109 Airport Road
Warwick, RI 02889

I hereby certify that a true copy of the within was sent by mail to the above, on the 19th day of April 2005.

Linda Cardente