**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF RHODE ISLAND**

PLANET ECLIPSE, LLC
and PLANET ECLIPSE LIMITED,

C.A. NO.: 2004-194 (T)

v.

X-TREME ENTERPRISES, INC.

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR ASSESSMENT OF DAMAGES AND ENTRY OF DEFAULT JUDGMENT**

X-TREME ENTERPRISES, INC. objects to plaintiffs' motion for assessment of damages and entry of default judgment.

Dated: 4\27\2005

X-TREME ENTERPRISES, INC.
By its attorney,
Michael K. Glucksman, Esq.

Michael K. Glucksman, Esq. (#5007)
109 Airport Road
Warwick, RI 02889
(401) 738-4477
(401) 739-1012 fax

**Certification of Service**

I certify that on April 27, 2005, I caused a copy of this paper to be served by first-class mail on the following:

DUFFY SWEENEY & SCOTT, LTD.
Craig M. Scott, Esq.
Ralph N. Gaboury, Esq.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 456-0700

24

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND**

PLANET ECLIPSE, LLC and PLANET ECLIPSE LIMITED,

C.A. NO.: 2004-194 (T)

v.

X-TREME ENTERPRISES, INC.

**MEMORANDA IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR ASSESSMENT OF DAMAGES AND ENTRY OF DEFAULT JUDGMENT**

**Introduction**

The plaintiffs, Planet Eclipse, LLC and Planet Eclipse Limited (jointly "Planet Eclipse"), filed this trade dress infringement, false designation of origin, false advertising, unfair competition, and copyright infringement action against defendant, X-Treme Enterprises, Inc. ("X-Treme"), on May 21, 2004. On September 29, 2004, a mere two weeks after the parties' last stipulated to extension of time for X-Treme to file its answer had passed, X-Treme was defaulted. The Honorable Magistrate Lincoln D. Almond denied X-treme's motion to vacate the entry of its default, which motion was itself filed a mere two weeks after the default, and Justice Torres overruled X-Treme's objection to that denial. Planet Eclipse now moves for an assessment of damages and for the entry of a default judgment against X-treme. In addition, Planet Eclipse seeks permission from this Honorable Court to engage in "45 days . . . [of] limited discovery . . . focused on the discreet [*sic*] issue of Planet Eclipse's damages."

A review of the complaint filed in this action reveals that Planet Eclipse seeks a myriad of relief, including preliminary and permanent injunctions, monetary damages, an accounting of X-Treme's profits, treble damages, reasonable attorneys' fees, the recalling

of X-Treme's allegedly infringing matter, the impounding of X-Treme's allegedly infringing matter, consequential damages, plus whatever other relief the Court deems just and proper.

**Argument**

As an initial matter, "[t]he disposition of a motion for entry of a default judgment by the court lies within the court's sound discretion [and] [e]ven when a defendant is technically in default, a plaintiff is not entitled to default judgment as a matter of right." 10 Moore's Federal Practice § 55.20[2][b] (3rd ed. 2005); *see also Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal. 1997) ("the court may deny a default judgment if it deems such judgment to be inappropriate"). Moreover, and while "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true," "liability is not deemed established simply because of the default and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at 58-61; *see also Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992) (in considering a Rule 55(b)(2) request, a court may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action, and may conduct a hearing to "establish the truth of any averment" in the complaint). Indeed, "[t]he distinction between defendant's concession, by defaulting, of the facts in plaintiff's complaint and a finding that liability is established is an important one." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at 61.

Although for present purposes, factual allegations of the complaint are taken as

true, Planet Eclipse's complaint contains many allegations that are predicated merely upon "information and belief." Indeed, paragraphs 4, 30, 31, 32, 39, 40, 42, 45, 46, and 48—some 15% of the complaint's 65 substantive paragraphs[1]—are all alleged merely on information and belief. Such is hardly the stuff of which facts that can be relied upon to establish liability are made. Moreover, because of the critical distinction between a concession of the facts and a finding of liability, this Honorable Court ought to require that Planet Eclipse establish its entitlement to the relief it seeks by proof rather than by mere default.

For example, "a plaintiff can succeed on a false advertising claim by proving either that an advertisement is false on its face or that the advertisement is literally true or ambiguous but likely to mislead and confuse consumers. . . . In the absence of such literal falsity, an additional burden is placed upon the plaintiff to show that the advertisement, though explicitly true, nonetheless conveys a misleading message to the viewing public. To satisfy its burden, the plaintiff must show how consumers have *actually reacted* to the challenged advertisement rather than merely demonstrating how they could have reacted." *The Clorox Company Puerto Rico v. The Proctor & Gamble Commercial Co.*, 228 F.3d 24, 33 (1st Cir. 2000) (internal citations omitted) (emphasis added). Other than the categorical, self-serving and unsupported assertion that "actual confusion" has resulted among paintball users, Complaint at para. 34, the Complaint says nothing in regards to how consumers have actually reacted to any advertisements. Accordingly, to be entitled to damages on its false advertising claims, Planet Eclipse must prove how consumers actually reacted to the challenged advertisement.

---

[1] Of the 70 total numbered paragraphs in the complaint, 5 merely reallege and incorporate the others.

"To prevail on a claim of copyright infringement, the plaintiff must show both ownership of a valid copyright and illicit copying." *The Yankee Candle Co. v. The Bridgewater Candle Co.*, 259 F.3d 25, 33 (1st Cir. 2001). And "[i]n order for trade dress to be protected under § 43(a), a plaintiff must prove that the dress is: (i) used in commerce; (ii) non-functional; and (iii) distinctive. . . . [T]o prove infringement of protected trade dress, the plaintiff must show that another's use of a similar trade dress is likely to cause confusion among consumers as to the product's source," *Id.* at 38. Finally, "'[t]he test of unfair competition seems to be whether the device or means employed would be likely to confuse and mislead the public generally to purchase the product or patronize the shop of one person when the actual intention was to purchase the product or patronize the shop of another,'" *Community Progress v. United Way*, 695 A.2d 517, 522 (R.I. 1997). Planet Eclipse's "information and belief" is simply inadequate to satisfy the requirements of these claims.

If this Honorable Court were inclined to grant Planet Eclipse a default judgment, then X-Treme requests that it be allowed to conduct its own discovery of Planet Eclipse to determine, among other things, the "damages sustained by the plaintiff, and . . . the costs of the action," Plaintiffs' Memorandum of Law in Support of their Motion for Assessment of Damages and Entry of Default Judgment, page 2. Such a right to discovery has been squarely held appropriate in the context of a Rule 55(b)(2) motion. For example, it has been justly stated that

> "any rationale strong enough to justify allowing a defendant who has defaulted to appear and offer proof with respect to the amount of damages would equally justify allowing such defendant discovery with respect to the amount of damages. There would be little point in allowing a defendant to contest the amount of damages if the defendant is not permitted adequately to prepare for the hearing on damages. We therefore

> hold that Rule 26(b)(1) authorizes a defendant who has defaulted to conduct discovery regarding the amount of unliquidated damages in preparation for an inquest on damages under Rule 55(b)(2)." *Clague v. Bednarski*, 105 F.R.D. 552, 552 (E.D.N.Y. 1985).

*See also Boit v. Brookstone Co.*, 641 A.2d 864, 866 (Me. 1994) ("[o]ther courts have allowed a defaulted defendant to conduct discovery prior to a damages hearing [and] . . . to present evidence at a hearing on damages"). Accordingly, X-treme should be allowed to request discovery of Planet Eclipse in regards to the damages it intends to seek and attempt to prove its entitlement to.

**Conclusion**

For the foregoing reasons, Planet Eclipse's motion ought to be denied. However, if the Court is inclined to grant it, then X-Treme ought to be allowed to take discovery of Planet Eclipse with respect to the amount and kind of relief it seeks.

Dated: 4|27|2005

X-TREME ENTERPRISES, INC.
By its attorney,
Michael K. Glucksman, Esq.

Michael K. Glucksman, Esq. (#5007)
109 Airport Road
Warwick, RI 02889
(401) 738-4477
(401) 739-1012 fax

**Certification of Service**

I certify that on 4|27|2005, I caused a copy of this paper to be served by first-class mail on the following:

DUFFY, SWEENEY & SCOTT, LTD.
Craig M. Scott, Esq., Ralph N. Gaboury, Esq.
One Turks Head Place, Suite 1200
Providence, RI 02903