UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PLANET ECLIPSE, LLC and PLANET ECLIPSE LIMITED, Plaintiffs, | : | |
| v. | : | C.A. No. 04-194T |
| X-TREME ENTERPRISES, INC., Defendant. | : | |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND DEPOSITIONS AND TO EXTEND DISCOVERY PERIOD FOR 45 DAYS**

Pursuant to Fed. R. Civ. P. 37(a) and Local Rule 12, plaintiffs, Planet Eclipse, LLC and Planet Eclipse Limited (collectively, "Planet Eclipse"), hereby move for an order: i) compelling defendant X-treme Enterprises, Inc. ("X-treme") to provide answers to Planet Eclipse's First Set of Interrogatories by July 1, 2005 or another date certain set by the Court; ii) compelling X-treme to provide responses to Planet Eclipse's First Request for the Production of Documents as well as responsive documents by the same date; iii) compelling X-treme to produce its President and 30(b)(6) designee for deposition on July 14, 2005; and iv) extending the discovery period by 45 days after its ruling on this Motion. In support of this motion, Planet Eclipse relies on the accompanying memorandum of law.

Planet Eclipse makes this motion after conferring in good faith with X-treme in an effort to secure the requested discovery without Court action.

PLANET ECLIPSE, LLC and
PLANET ECLIPSE LIMITED,
By its attorneys,

Craig M. Scott, Esq. (#4237)
Ralph N. Gaboury, Esq. (#6638)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Date: June 20, 2005

**CERTIFICATION**

To:

Michael K. Glucksman, Esq.
109 Airport Road
Warwick, RI 02889

I hereby certify that a true copy of the within was sent by First Class mail to the above, on the 20th day of June 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PLANET ECLIPSE, LLC
and PLANET ECLIPSE LIMITED,

Plaintiffs,

v. : C.A. No. 04-194T

X-TREME ENTERPRISES, INC.,

Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND DEPOSITIONS AND TO EXTEND DISCOVERY PERIOD FOR 45 DAYS**

Plaintiffs, Planet Eclipse, LLC and Planet Eclipse Limited (collectively, "Planet Eclipse"), submit this Memorandum in Support of Plaintiffs' Motion to Compel Discovery Responses and Depositions and to Extend Discovery Period for 45 Days. Defendant X-treme Enterprises, Inc. ("X-treme") failed to provide answers to Planet Eclipse's First Set of Interrogatories, failed to respond to Planet Eclipse's First Request for the Production of Documents and refused to make its President, Tuong Nguyen, and its Fed. R. Civ. P. 30(b)(6) designee available for deposition within the Court-ordered 45-day discovery period or for a reasonable period thereafter. As set forth below, based on X-treme's pattern of not respecting Court rules or deadlines, the Court's assistance is required to compel X-treme to comply with its discovery obligations under the Fed. R. Civ. P. so Planet Eclipse may proceed to a damages hearing and entry of a final judgment.

**STATEMENT OF FACTS**

Planet Eclipse initiated this action against X-treme on May 20, 2004, seeking injunctive relief and damages for trade dress infringement, false advertising, unfair competition, and copyright infringement related to X-treme's intentional copying of Planet Eclipse's product, packaging and user manual. The Clerk of the Court entered default in favor of Planet Eclipse on September 29, 2004 for failing to answer or otherwise respond to the Complaint. On February 28, 2005, the Court upheld Magistrate Judge Almond's Memorandum and Order denying X-treme's motion to vacate the entry of default and denied X-treme's Rule 72(a) objection.

On April 19, 2005, Planet Eclipse moved for: i) a 45-day discovery period limited to the discreet issue of Planet Eclipse's damages; ii) a hearing for purposes of assessing Planet Eclipse's damages pursuant to Fed. R. Civ. P. 55(b); and iii) entry of default judgment at the conclusion of the hearing to assess damages. The Court treated Planet Eclipse's motion as a motion to engage in damages discovery and on May 4, 2005 granted the parties 45 days to conduct discovery on the issue of damages.

Planet Eclipse served X-treme with its First Set of Interrogatories and First Request for Production of Documents on May 10, 2005. Planet Eclipse served X-treme with two Notices of Deposition on June 2, 2005: i) a 30(b)(6) Notice of Deposition for X-treme; and ii) a Notice of Deposition for Mr. Tuong Nguyen, X-treme's owner and/or President. The depositions were noticed for June 22, 2005 in Los Angeles, California to provide Planet Eclipse with sufficient time to review X-treme's responses to written discovery, which X-treme previously indicated might be late.

After several conversations between counsel concerning whether X-treme would comply with its discovery obligations in a timely manner, X-treme notified Planet Eclipse on June 9, 2005 that: i) X-treme would not make either deponent available on the previously-noticed date or at any time during the discovery period; and ii) X-treme would not respond to Planet Eclipse's written discovery by its June 10, 2005 deadline or at any time before July 6, 2005. During this call, counsel for Planet Eclipse informed counsel for X-treme that Planet Eclipse would seek the Court's intervention to compel X-treme to comply with its discovery obligations.

X-treme served Planet Eclipse with its First Set of Interrogatories and First Request for Production of Documents on May 11, 2005. Planet Eclipse timely provided written responses on June 13, 2005.

## ARGUMENT

As set forth in Planet Eclipse's previously-filed Motion for Assessment of Damages, Planet Eclipse requires discovery from X-treme in order to determine its monetary damages in this case. The Court granted Planet Eclipse a 45-day period to accomplish that goal. X-treme has failed to respond to Planet Eclipse's discovery and Planet Eclipse is now entitled to an order from this Court compelling X-treme to comply with its discovery obligations under the Rules and extending the discovery period for 45 days.

Under Fed. R. Civ. P. 33 and 34, X-treme was required to respond to Planet Eclipse's First Set of Interrogatories and First Request for Production of Documents by June 10, 2005. X-treme failed to respond and has indicated that it will not respond for

some time. Under Fed. R. Civ. P. 30, X-treme was required to make its 30(b)(6) designee and Mr. Nguyen available for deposition as well. X-treme has failed to do so.

Based on X-treme's conduct in this litigation to date (failing to respond to the Complaint, failing to respond to discovery), Planet Eclipse has legitimate doubts that X-treme will in fact provide meaningful discovery responses or make its witnesses available for deposition. Without an order from this Court instructing X-treme to respond by a date certain, Planet Eclipse may be handicapped in its ability to calculate its monetary damages and to secure the entry of default judgment to which it is entitled under Fed. R. Civ. P. 55(b).

As the plaintiff in this case, Planet Eclipse has been diligent in serving its discovery and in responding to X-treme's discovery. Under the Rules, Planet Eclipse is entitled to the information it sought in discovery and to depose X-treme's witnesses. In addition, as X-treme has indicated that it will not respond to Planet Eclipse's written discovery by the end of the discovery period, Planet Eclipse requests that the discovery period be extended by 45 days so that any follow-up discovery may be undertaken.

**CONCLUSION**

For the foregoing reasons, Planet Eclipse respectfully requests that the Court grant its Motion to Compel Discovery Responses and Depositions and to Extend Discovery Period for 45 days.

PLANET ECLIPSE, LLC and
PLANET ECLIPSE LIMITED,
By its attorneys,

Craig M. Scott /KUM

Craig M. Scott, Esq. (#4237)
Ralph N. Gaboury, Esq. (#6638)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Date: June 20, 2005

**CERTIFICATION**

To:

Michael K. Glucksman, Esq.
109 Airport Road
Warwick, RI 02889

I hereby certify that a true copy of the within was sent by First Class mail to the above, on the 20th day of June 2005.