**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF RHODE ISLAND**

PLANET ECLIPSE, LLC
and PLANET ECLIPSE LIMITED,

C.A. NO.: 2004-194 (T)

v.

X-TREME ENTERPRISES, INC.

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37(b)**

X-TREME ENTERPRISES, INC. objects to plaintiffs' motion for sanctions pursuant to Fed. R. Civ. P. 37(b).

Dated:

X-TREME ENTERPRISES, INC.
By its attorney,

Michael K. Glucksman, Esq. (#5007)
109 Airport Road
Warwick, RI 02889
(401) 738-4477
(401) 739-1012 fax

**Certification of Service**

I certify that on 8-22-05, I caused a copy of this paper to be served by first-class mail on the following:

DUFFY SWEENEY & SCOTT, LTD.
Craig M. Scott, Esq.
One Turks Head Place, Suite 1200
Providence, RI 02903

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF RHODE ISLAND**

PLANET ECLIPSE, LLC
and PLANET ECLIPSE LIMITED,

C.A. NO.: 2004-194 (T)

v.

X-TREME ENTERPRISES, INC.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37(b)**

**Introduction**

The plaintiffs, Planet Eclipse, LLC and Planet Eclipse Limited (jointly "Planet Eclipse"), filed this trade dress infringement, false designation of origin, false advertising, unfair competition, and copyright infringement action against defendant, X-Treme Enterprises, Inc. ("X-Treme"), on May 21, 2004. On September 29, 2004, a mere two weeks after the parties' last stipulated to extension of time for X-Treme to file its answer had passed, X-Treme was defaulted. The Honorable Magistrate Lincoln D. Almond denied X-treme's motion to vacate the entry of its default, which motion was itself filed a mere two weeks after the default, and Justice Torres overruled X-Treme's objection to that denial. Planet Eclipse then moved for an assessment of damages, for the entry of a default judgment against X-treme, and for permission to engage in "45 days . . . [of] limited discovery . . . focused on the discreet [*sic*] issue of Planet Eclipse's damages." Planet Eclipse's request for a default judgment was denied but it was allowed 45 days to conduct damages discovery, as was X-Treme. Now, Planet Eclipse moves once again for default judgment or daily fines, this time for X-Treme's alleged failure to comply with this Honorable Court's discovery order.

A review of the complaint filed in this action reveals that Planet Eclipse seeks a myriad of relief, including preliminary and permanent injunctions, monetary damages, an accounting of X-Treme's profits, treble damages, reasonable attorneys' fees, the recalling of X-Treme's allegedly infringing matter, the impounding of X-Treme's allegedly infringing matter, consequential damages, plus whatever other relief the Court deems just and proper.

**Argument**

As an initial matter, "'[a] default judgment is itself a drastic sanction that should be employed only in an extreme situation.'" *Coyante v. Puerto Rico Ports Auth.*, 105 F.3d 17, 23 (1st Cir. 1997). Indeed, the First Circuit has "endorsed the authority of district courts to impose less than the most extreme sanction available." *Id.* "In general, a trial court confronted by sanctionable behavior should consider the purpose to be achieved by a given sanction and then craft a sanction adequate to serve that purpose. While we eschew the imposition of rigid guidelines for the trial courts in this circumstance-specific area of the law, the judge should take pains neither to use an elephant gun to slay a mouse nor to wield a cardboard sword if a dragon looms. Whether deterrence or compensation is the goal, the punishment should be reasonably suited to the crime." *Anderson v. Beatrice Foods Co.*, 900 F.2d 388, 395 (1st Cir. 1990).

Simply, this Honorable Court must leave its elephant gun in its holster because this case is not worthy of that most extreme sanctioning weapon of default judgment. While X-Treme's discovery responses may not be models of responsiveness, neither are they so sparse as to warrant the ultimate sanction of default judgment. Contrarily, a sanction reasonably suited to the "crime" is along the lines of that suggested by Planet

Eclipse, that is, a daily monetary fine. While X-Treme does not believe that $1,000.00 a day is a justifiable amount, $100.00 a day would more than adequately both deter X-Treme as well as compensate Planet Eclipse for its efforts.

**Conclusion**

For the foregoing reasons, Planet Eclipse's motion ought to be denied. However, if the Court is inclined to grant it, then X-Treme implores the Court not to use the elephant gun of default judgment but rather the carefully crafted persuasion of a monetary sanction in the amount of $100.00 a day from July 12, 2005 until compliance.

Dated:

X-TREME ENTERPRISES, INC.
By its attorney,

Michael K. Glucksman, Esq. (#5007)
109 Airport Road
Warwick, RI 02889
(401) 738-4477
(401) 739-1012 fax

**Certification of Service**

I certify that on 8-31-05, I caused a copy of this paper to be served by first-class mail on the following:

DUFFY, SWEENEY & SCOTT, LTD.
Craig M. Scott, Esq.
One Turks Head Place, Suite 1200
Providence, RI 02903

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

PLANET ECLIPSE, LLC
and PLANET ECLIPSE LIMITED,

C.A. NO.: 2004-194 (T)

v.

X-TREME ENTERPRISES, INC.
_______________________________/

AFFIDAVIT

I, Michael K. Glucksman, being duly sworn to under the penalties of perjury, do depose and say:

1. I mailed, FIRST CLASS, POSTAGE PREPAID, Defendant's objection to Plaintiff's Motion for Sanctions and memorandum of law to opposing counsel and United States District Court for the District of Rhode Island on August 22, 2005.

2. Upon information and belief, the Clerk of the Clerk has not received the objection and attached memorandum.

3. I am filing a copy of said documents attached to this affidavit as our response.

_______________________________
MICHAEL K. GLUCKSMAN

STATE OF RHODE ISLAND
COUNTY OF KENT

Subscribed and sworn to under the penalties of perjury before me this 31st day of August 2005.

_______________________________
Notary Public
Comm. Expires 8/27/06